CALEDONIA,
March,
1834.
—————

## WHEELOCK vs. LYNDON.

A warning to prevent a pauper from gaining a settlement in a town under the act of 1801, must be in strict accordance with the form prescribed by the statute.

" These are in the name of the authority of the state of Vermont, to require you to notify and warn A. B. to remove himself off and out of said town of ——, and also to return said warning to said town of ——, within twenty days," is not a legal warning.

This was an appeal taken by Lyndon, to an order of removal of Robert Miles and family, paupers, from Wheelock to Lyndon. The plaintiff alleged the settlement of the pauper to be in Lyndon and derived through his father, William Miles, who removed from Wheelock to Lyndon, as early as the year 1806. Issue being joined to the jury, Lyndon offered in evidence, from the town clerk's office, copies of a warning and service thereon, to prove that William Miles was legally warned to depart from Lyndon, agreeably to the act of 1801. The whole case having turned upon the legality of this warning, a statement of the other facts contained in the bill of exceptions, becomes unnecessary. The warning in question will be found incorporated into the opinion of the court. The jury found for the defendant, and the plaintiff brings the case here upon exceptions, to the decisions of the court, especially in admitting the copies of the warning adverted to.

*E. Paddock for defendant.*—The law which declares a legal warning out a bar to gaining a settlement, gives the form of the precept and directs the particular mode of service.

1. Every process or precept must issue in strict compliance with the law which authorizes it, or it imposes no obligation on the one whom it is intended to operate upon. The constitution requires every prosecution to issue by the authority of the state of Vermont, and if a writ otherwise issues, it is void ; but the constitution is of no more force in that case, than the statute of 1801, is in this, which says the form shall be, " You are hereby required to summons

C. D. to depart said town." But the select-men of Lyndon have chosen to direct their constable to *notify and warn W. M.* (not depart said town,) *but to remove himself and family off and out of the town of Lyndon.* This carries with it no more efficiency than a sealed letter requesting W. M. not to tarry any longer in Lyndon, and sending it by Jude Kimball, who happened to be their constable ; any deviation from the form given by law, does not carry with it the authority of the law.

CALEDONIA, *March,* 1834.

Wheelock *vs.* Lyndon.

2. An officer is bound to obey his precept, and if he does a thing which is not therein commanded, the act is void.

The precept in this case, directed him to *notify and warn.* These expressions have a technical meaning within our statute, and imply definite and particular acts. Had the constable notified Miles, *ore tenus,* to remove *off and out, &c.,* it would have been a warning within the meaning of the militia law. Had he put up a written notice upon the town post, it would have been a warning within the meaning of the acts regulating town meetings ; but the law pointed out no method to serve the precept in question, it being a *non descript* ; therefore, publishing it in the news print, would have been as valid as delivering a copy, as in case of a summons.

3. Our next objection is, to the indentity of Miles. The form given by statute, is, " To summons C D now residing in A to depart said town." The precept is, *to notify and warn William Miles* to remove off and out of the town of Lyndon ; but does not say, now residing in Lyndon—therefore, a service on any man by the name of William Miles, and accidentally passing through the town, would justify the officer in his return.

It moreover appears, that there were two persons residing in Lyndon, by the name of William Miles ; and who can tell on which the service was made ; and suppose the officer could now designate ; that would be no salvo, the town record must give the information.

*I. Fletcher, contra.*—The question then is, was the warning of December 5th, 1806, such as to bar the father of the pauper and his family from gaining a residence in Lyndon, under the 4th section of the act of 1801—or in other words, was it a substantial complying with the 1st section of the act ?

The act prescribes the form of the warning, but it is to be

CALEDONIA,
March,
1834.

Wheelock
vs.
Lyndon.

noted, that it prescribes it under *a vidilicit*. Neither law, reason or common sense, would adjudge that the form must be followed to the letter, *mutatis mutandis*, but substantially. The authority—signing and serving said process—is named in the statute, and no other could act in the premises. The authority signing, is to exercise *their* discretion as to the warning. They adjudge between the town and the citizen coming to reside therein.

The law regards substance and not form, and when the statute says, "*in the following form*," it looks to the sense, not to the character or words in which it is expressed.

"The form given by statute must be pursued in the essential particulars; but it is not every verbal variance either in the omission or addition of words that will vitiate. If there be nothing in substance wanting, though there is some literal variation from the form prescribed, either in introducing words which are unnecessary and immaterial, or omitting words, which, if inserted would not alter or change the sense. And where there are omissions, to insert words contemplated by the form prescribed, if the matter, intended by them, appears with sufficient certainty from other parts of the instrument, the purpose of the statute is answered."—2 Vt. Rep. 221, *Shrewsbury* vs. *Mount Holly*.

The opinion of the court was delivered by

MATTOCKS, J.—Two questions were raised in this case by the bill of exceptions, one of which has been abandoned here; and the only point remaining to be decided is, as to the validity of the warning, which was in these words:

"State of Vermont. Caledonia, ss. To Jude Kimball, constable of the town of Lyndon, greeting: These are in the name of the authority of the state of Vermont to require you to notify and warn William Miles to remove himself off and out of the town of Lyndon, and also to return this warrant into the town of Lyndon, with your doings herein, in twenty days from this date. Given under our hands at Lyndon, this 24th day of November, 1806.

       ISAIAH FISK,    ) Selectmen
       ABRAM SMITH,  }    of
       WM. WINDSOR, ) Lyndon."

The form prescribed by the act of 6th November, 1801, under which Lyndon warned, is in these words, to wit:

"State of Vermont. ———— ss. To either constable of A. in the county of B. greeting: You are hereby required to sum-

mon C. D. now residing in A. to depart said town. Hereof
fail not, but of this precept and your doings herein, due return
make according to law. Given under our hands at A. ——
day of ——, A. D. 18.

CALEDONIA,
*March,*
1834.

Wheelock
*vs.*
Lyndon.

E. F. ⎫
G. H. ⎬ Selectmen
I. K. ⎭ of A.

The first section of the act is, " That whenever any person
or persons shall come and reside within any town in this state,
the selectmen may at their discretion warn such person or per-
sons to depart said town, which warning shall be directed to
either constable of said town, and be in the following form,
viz :" There are several departures in the warning used from
the warning prescribed. First, it is directed to Jude Kimball,
constable of the town of Lyndon, and not to " either constable
of the town." 2. The words, " These are in the name of
the authority of the state of Vermont," are an entire interpo-
lation. 3. " Notify and warn" are substituted for "summon."
4. " Now residing in A." is entirely omitted. 5. The words,
" to remove himself and family off and out of the town of
Lyndon," are substituted for the words, " to depart said town ;"
and in lieu of ." hereof fail not, but of this precept, with your
doings herein, due return make according to law," is inserted,
" and also to return this warrant into the town of Lyndon, with
your doings herein, in twenty days from this date."

Thus it is seen that the readings are so unlike that no par-
allel can be run between them. But the ingenuity of the
counsel has shown that a paralogism may be made upon them,
and it is evident that in forming this warning, the statute form
was not only recast, but different ingredients were added to the
composition, which have not increased its perspicuity. The
common law supposes it not good to depart from the registrar,
wherein it is said every man who is injured will be sure to find
a method of relief, exactly adapted to his own case, desribed
in the compass of a few lines ; and yet without the omission.
of any material circumstance. And more dangerous is a de-
parture from statute forms, and most of all in cases of this
sort, that are *structi juris,* where the law is made to create, not
to protect, a natural or equitable right. In such case, form is
substance, and is not like matters of contract, which the law
merely regulates, where doing something tantamount may some-
times be regarded as performing the thing stipulated. It does
not appear from the cases cited, that the question as to confor-.

CALEDONIA,
*March,*
1834.

Wheelock
*vs.*
Lyndon.

mity in the warning has arisen, but in several cases the service has been required to be in strict accordance with the statute; and it is not perceived why the principle of the requirement does not apply with equal force to the warning, as nothing is waived or cured in these cases, as objecting to its sufficiency on trial by the town affected is the first and only mode of testing its validity; and it is quite obvious, that nothing short of abrogating the statute form will entitle this warning to stand in its place, as the discrepancies are so numerous; and if a single and slight variance might be winked at, yet the law must be hoodwinked not to see these many potent defects. Some prominent ones have been cited by the plaintiff, to wit:—" notify and warn," which have no technical meaning, are used for "summon," which has. 2. " Now residing in said Lyndon" is omitted, which is a material fact, without which the selectmen had no authority to issue the warning, and which fact the law requires to appear in the process, and also to distinguish him from any transient person of the same name that might happen to be in town. Summons in the English law is as much as *citation* among the civilians, (Fleta Lib. 5, ch. 6,) and has long been used in England and here as a term of art. But neither notify nor warn are such—they are not to be found in " *Les termes de La Ley,*" nor in any modern books of this sort; and the words " off and out" are too inexplicit as well as too outlandish to be permitted to be foisted in, in lieu of and making the decent words, " now residing," give place. And although the two uncouth words might imply that the pauper was at the moment *in* and *on* the town, yet by no necessary implication even that he then resided there; and if we allow the proper meaning of the term removal, connected with " out of the town of Lyndon," that neither would be an affirmation that he had come to reside there. The supposed meaning of the word would be gratuitous, if correct; for the law does not require that he should depart to the place from whence he came. But it does not mean, as defined in the brief, to return back—it means to change place. *Re,* when placed before *move,* loses its latin meaning. We consider that the warning was so wide a departure from the form prescribed by law, that it cannot be considered as a compliance with the law; and therefore the warning out did not prevent William Miles from gaining a settlement at Lyndon.

Judgment of county court reversed.